In re SOUTHEASTERN FARM
SUPPLY, INC., Debtor.

Otis MILES and Lovie Dean
Miles, Plaintiffs,

v.

SOUTHEASTERN FARM SUPPLY,
INC., Defendant.

Bankruptcy No. 81–0125.

United States Bankruptcy Court,
M. D. Alabama.

May 19, 1981.

A. Pope Gordon, Montgomery, Ala., for plaintiffs.

Richard A. Lawrence, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

The above named debtor-defendant, an Alabama corporation, filed a Chapter 11 case in this court on March 13, 1980. At that time the debtor was defending an action in a Florida state court brought by the plaintiffs in this action and others. The filing in this court automatically stayed the Florida proceedings under Section 362 of the Bankruptcy Code.[1] The matter is now before the court on a complaint to lift the stay and allow the plaintiffs to proceed with their action in the state court.

The controversy between the parties centers around a lease. The lease was entered into in January 1979 in Graceville, Florida, where the plaintiffs reside and where the debtor, Southeastern Farm Supply, by and through its president, Roger D. Mims, operates the tenant business, Southeastern Farm Center. The question posed is whether the lease has continuing validity or whether it was effectively terminated before the filing by Southeastern Farm Supply of the Chapter 11 case. Section 365 of the Code allows the trustee or debtor-in-possession to assume any unexpired leases of the debtor. If the lease was terminated prior to the filing of the case, there is nothing to assume. *In re Final Touch Boutique, Inc.*, 6 B.R. 803 (Bkrtcy.1980); *In the Matter of Mimi's of Atlanta, Inc.*, 5 B.R. 623 (Bkrtcy.1980).

This court, under the Bankruptcy Reform Act of 1978, has been granted the jurisdiction to hear any matter arising under Title 11, or arising in or related to a case under Title 11. 28 U.S.C. § 1471(b). The case commenced by the plaintiff in this matter in the state court of Jackson County Florida prior to the filing of the Chapter 11 case is now a case related to a case under Title 11 by reason of the debtor's being defendant in the Florida action.

The issue in the Florida action of whether the lease was terminated prior to March 13, 1980, must be decided by the application of the law of the State of Florida. It is reasonable to assume that the state court judge will interpret the law correctly and make the proper ruling in the case. The leased premises and business operation are located in Florida, as are the witnesses and parties. Title 28, Section 1471(d), provides that the bankruptcy court may in the interest of justice abstain from hearing a particular proceeding. It is difficult to conceive a case more appropriate for the exercise of this court's abstention discretion than this matter now pending in the state court of Florida.

The interest of justice will be better served by allowing the plaintiffs to proceed with their action in Jackson County, Florida, and accordingly an order lifting the automatic stay will be entered forthwith.

In the related Adversary Proceeding, *Southeastern Farm Supply, Inc. v. Otis Miles, et al.*, No. 81–0099, wherein the debtor is plaintiff and seeks to have the state court proceeding removed to and heard by this court, an appropriate order will be entered in conformance with the above.

---

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited are Title 11, United States Code, the Bankruptcy Code, unless otherwise stated.